**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **TINO ALBERICO,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:13-cv-141 |
| v. | : | |
| | : | Judge Timothy S. Black |
| **LEAP WIRELESS INTERNATIONAL,** | : | |
| **INC.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Tino Alberico ( "Plaintiff") has sought from Defendants Leap Wireless International, Inc. ("Leap") and Cricket Communications, Inc. ("Cricket") (collectively "Defendants") (with Plaintiff and Defendants hereinafter jointly referred to as "the Parties") certain personnel information ("Personnel Information") about individuals, other than himself, who are or have been employed by Cricket, which Defendants consider to be confidential;

WHEREAS, Plaintiff has sought from Defendants certain proprietary business information ("Business Information"), which Defendants consider to be confidential;

WHEREAS, this confidential personnel and proprietary business information should be given the protection of an Order to prevent it from being disseminated or used outside this litigation;

WHEREAS, the Parties have stipulated and agreed, through their respective undersigned counsel, to the following terms regarding the disclosure of information in this litigation that is confidential; and,

For good cause shown, IT IS on this 28TH day of OCTOBER , 2013 HEREBY ORDERED as follows:

1.    **Scope**

This Protective Order ("Protective Order") specifically governs the production, use and handling of Personnel Information for individuals other than Plaintiff, and proprietary Business Information produced, exchanged by, to or with any person involved in this lawsuit.

    **(a)**    "Personnel Information" means:

        **(i)**    all documents and information related to the identity of current and/or former employees, their applications for employment and qualifications for employment;

        **(ii)**    all documents and information contained in any current and/or former employee's personnel records or other records maintained by Defendants including personal contact information, compensation information, information regarding personal characteristics (such as age), information relating to any medical conditions or leaves of absence, and information regarding job performance or disciplines;

        **(iii)**    any parts or portions thereof;

        **(iv)**    anything prepared for, derived from or incorporating the foregoing; or

        **(v)**    duplicates or in any form.

    **(b)**    "Business Information" means financial, commercial, and/or other information that Defendants use in the course of their business that is not generally available to the public.

2.    **Procedure For Designating Personnel And Business Information As "Confidential Information"**

Personnel and Business Information produced by Defendants, or by way of subpoena, shall be marked by Defendants with the legend "Confidential".

    **(a)**    **Deposition Transcripts:**    If Personnel Information for anyone other than Plaintiff, or Business Information, is used as exhibits in a deposition, the Parties agree that the transcript and all copies shall be marked with the legend "Confidential." Defendants have the responsibility of marking the pages with this designation.

**(b)    Filings:** If Personnel Information for anyone other than Plaintiff or Business Information is contained in material to be filed with the Court, the material may be filed under seal only by order of the Court upon good cause shown.

3.    **Restrictions On Use And Disclosure Of Protected Information**

Personnel and Business Information shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding and not for any other purpose, whether business or social in nature. The substance or content of Personnel and Business Information may only be disclosed to people listed in this paragraph pursuant to the terms and conditions of this Protective Order.

    **(a)**    Personnel and Business Information may be disclosed to:

        **(i)**    the Judges presiding over this lawsuit, their staff attorney(s) and bailiff(s), and any stenographic reports, to the extent necessarily incident to the litigation of this action;

        **(ii)**    the attorneys who are signatories of this Protective Order, together with their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this lawsuit;

        **(iii)**    the Parties, to the extent necessarily incident to the litigation of this action; or,

        **(iv)**    copying services, experts, investigators and consulting attorneys.

    **(b)**    Personnel and Business Information may also be disclosed to, but copies of such documents shall not be given to, prospective witnesses who may have relevant information regarding the information. Counsel shall inform such persons of this Protective Order and its contents.

4.    **Use Of Personnel And Business Information At Deposition, Hearing, Or Arbitration**

Whenever Personnel and Business Information is to be referred to or disclosed in a deposition or hearing, Defendants may exclude from the room any person who is not entitled to

receive such Personnel and Business Information pursuant to this Protective Order. Use of Personnel and Business Information during litigation will be subject to the ruling by the presiding judge. This agreement does not affect the use of any documents or information at trial. Nor does it affect the use of any documents or information at depositions, subject to the restrictions in paragraph 3 and the provisions in this paragraph 4.

5. **Custody Of Personnel And Business Information**

Personnel and Business Information and any copies or extracts thereof shall be retained in the custody of the attorneys of record during the pendency of this lawsuit except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

6. **Procedure On Termination Of Action**

Within 30 days of the final termination of this lawsuit, whether by judgment, settlement or conclusion of proceedings on appeal, Plaintiff shall return to Defendants and/or confirm that he has destroyed any material containing Personnel and Business Information. Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions and other documents containing attorney-client privileged materials and/or attorney work product that refers to or incorporates the Personnel and Business Information and will continue to be bound by the terms of this Protective Order with respect to the retained information.

7. **Effective Date**

This Protective Order shall become effective immediately upon its entry by the Court in this Action.

8. **Civil Rule 26(c)**

The provisions of Civil Rule 26(c) apply to any motion brought by the party seeking to remove the confidential designation from any document.

4

IT IS SO ORDERED:

Judge Timothy S. Black

APPROVED:


/s/ Katherine Daughtrey Neff (authorization
          received via e-mail 10/24/13)
Randolph H. Freking (#0009158)
Katherine Daughtrey Neff (#0082245)
FREKING & BETZ, L.L.C.
525 Vine Street, 6th Floor
Cincinnati, OH 45202
Telephone:    513.721.1975
Facsimile:    513.651.2570
E-mail:    randy@frekingandbetz.com
         kneff@frekingandbetz.com

Trial Attorneys for Plaintiff Tino Alberico


/s/ Jeffrey S. Hiller
Jeffrey S. Hiller, Trial Attorney (#0081533)
Chad J. Kaldor, Of Counsel (#0079957)
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
Telephone:    614.463.4201
Facsimile:    614.221.3301
E-mail:    jhiller@littler.com
         ckaldor@littler.com

Attorneys for Defendants Leap Wireless
    International, Inc. and Cricket
    Communications

Firmwide:123761421.1 064742.1010
10/24/13

5